# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE ADAMCZYK, (M24512), | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 18 CV 1858 |
| DANIEL Q. SULLIVAN, Warden, Big Muddy River Correctional Center, | ) ) ) ) | Judge John J. Tharp, Jr. |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is petitioner Lawrence Adamczyk's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Adamczyk was civilly committed as a sexually dangerous person under 725 Ill. Comp. Stat. 205/0.01, *et seq.*, on March 4, 2016 and has been in custody at Big Muddy River Correctional Center since then. Mr. Adamczyk's petition states four grounds for relief: the indictment in his underlying prosecution was invalid, his detention is illegal because the charges against him were dismissed when he was found to be a sexually dangerous person, the evidence was insufficient to prove beyond a reasonable doubt that he is a sexually dangerous person, and he was denied the opportunity to file a counterclaim for prosecutorial misconduct. For the reasons detailed below, Mr. Adamczyk's petition is denied because he did not exhaust his state court remedies, and accordingly each of his grounds for relief is procedurally defaulted.

## BACKGROUND[1]

Petitioner Lawrence Adamczyk has filed a *pro se* petition for writ of habeas corpus challenging the legality of his civil commitment as a sexually dangerous person pursuant to 725

---

[1] Because this petition is being denied on procedural grounds, it has been unnecessary to obtain the full state court record setting forth findings of fact by the state court. This limited background information is provided only to explain how Mr. Adamczyk came to be adjudicated

Ill. Comp. Stat. 205/0.01, *et seq*. On August 25, 2014, Mr. Adamczyk entered the lobby of Lake Park West High School in Roselle, Illinois.[2] He spoke to a male student, referred to as A.D., who was 17 years old at the time and was sitting in the lobby waiting to be picked up from school because he was sick. Mr. Adamczyk allegedly approached A.D. and asked him what time school started. Tr. 3:19–4:9, ECF No. 11-3 at Page 86 of 102. The school receptionist asked A.D. if Mr. Adamczyk was his ride home. A.D. said no, but Mr. Adamczyk said that he was. *Id.* 4:16–5:3. A.D. reportedly said to the receptionist that Mr. Adamczyk was not his ride home and that he was not leaving with him. *Id.* 5:4-7. A.D. later reported that he felt extremely uncomfortable and tried to walk away from Mr. Adamczyk. *Id.* 4:10-15.

School Resource Officer Schwytzer was called to the lobby to speak with Mr. Adamczyk. Mr. Adamczyk allegedly told him that he was there to meet Jim Baxter, a 15-year-old student whom he had met through the internet and believed to be a minor. *Id*. 6:2-21. Mr. Adamczyk allegedly said that "he was there to meet that 15 year old boy and that made him sexy." *Id.* 6:22-24. Upon investigation, it became clear that there was no student named Jim Baxter enrolled at the school. *Id.* 7:5-8. Mr. Adamczyk was taken into custody and was interviewed by police at the Roselle Police Department. In the course of that conversation, he allegedly said that his purpose in going to the school was to have sex with a minor, and that he prefers high school boys "because they have the most energy." *Id*. 8:13-15; 9:2-8.

Mr. Adamczyk was indicted by a DuPage County grand jury on September 16, 2014 for one count of burglary and one count of attempted aggravated criminal sexual abuse. He was civilly

---

as a sexually dangerous person and does not reflect any findings by this Court concerning the underlying events.

[2] Because the full state court record is not before this Court, the facts are drawn from Detective Michael Marotta's grand jury testimony, which was included as part of the Warden's motion to dismiss, ECF No. 11-3.

committed by order of the Circuit Court of DuPage County on March 4, 2016. MTD Ex. A, ECF No. 11-1. As part of the civil commitment order, the court dismissed the indictment.

Mr. Adamczyk filed an appeal of the commitment order, but the appeal was dismissed on May 26, 2016 for failure to provide a docketing statement and pay the filing fee. MTD Ex. B, ECF 11-2. He did not file a petition for leave to appeal to the Illinois Supreme Court, but before "the expiration of time for seeking such review,"[3] Mr. Adamczyk filed, on June 22, 2016, a petition for relief from judgment pursuant to 735 Ill. Comp. Stat. 5/2-1401.[4] See MTD Ex. C, ECF No. 11-3 at Page 4 of 102. The § 2-1401 petition was denied on September 28, 2016. MTD Ex. D, ECF No. 11-4. Although the denial of a § 2-1401 petition is immediately appealable (*see* Ill. S. Ct. R. 304(b)(3)), Mr. Adamczyk did not appeal the denial of the § 2-1401 petition. He did, however, file four additional § 2-1401 petitions on November 28, 2016, February 16, 2017, April 5, 2017, and November 7, 2017, all of which were dismissed. MTD Exs. C, E, G, I, K. Mr. Adamczyk did not appeal any of these dismissals. MTD Exs. D, F, H, J, L. As Mr. Adamczyk never properly filed an appeal with the Illinois Appellate Court, neither did he ever file a petition for leave to appeal the dismissal of any of his § 2-1401 petitions to the Illinois Supreme Court.

Mr. Adamczyk filed a petition for habeas corpus in this Court on March 13, 2018. Warden Sullivan, the Respondent, filed a motion to dismiss the habeas petition as untimely in June 2018, which this Court denied in April 2019, holding that the one-year statute of limitations was tolled

---

[3] Per Illinois Supreme Court Rules 315 and 612, litigants have 35 days to file a petition for leave to appeal. That period is included in the § 2244(d)(1)(A) calculation. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

[4] A person adjudicated as a sexually dangerous person is civilly committed and so cannot bring a postconviction petition under Illinois's Post-Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-1, but instead may bring a § 2-1401 motion as the primary collateral attack. *In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1041-44, 857 N.E.2d 746, 752-54 (Ill. App. Ct. 2006).

during the periods in which Mr. Adamczyk could have filed appeals from the dismissal of his § 2-1401 petitions. ECF No. 27 at 5 ("a post-judgment motion remains pending at least until the time for filing a notice of appeal expires"). The Respondent then answered the petition (ECF No. 28), asserting that all of Mr. Adamczyk's claims are procedurally defaulted. Mr. Adamczyk replied (ECF No. 31), though his reply does not respond to the procedural default arguments that the Respondent has advanced.

## DISCUSSION

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). In Illinois, a petitioner must both appeal to the Illinois Appellate Court and "present his claims to [the] state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999). Here, Mr. Adamczyk appealed his civil commitment to the Illinois Appellate Court, but his appeal was dismissed for failure to provide a docketing statement and pay the filing fee. He did not file a petition for leave to appeal to the Illinois Supreme Court, and accordingly his claims were never presented to the state supreme court. While he filed several motions for relief from the judgment with the Circuit Court of DuPage County, all of which were denied, he did not appeal any of these dismissals. Mr. Adamczyk has therefore not satisfied the exhaustion requirement that is a prerequisite for seeking a writ of habeas corpus in federal court.

Because Mr. Adamczyk did not exhaust his claims, those claims are now procedurally defaulted. The procedural default doctrine "will preclude a federal court from reaching the merits of a habeas claim when . . . the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Once Mr. Adamczyk's direct appeal was dismissed on May 26, 2016, he had 35 days

4

to file a petition for leave to appeal to the Illinois Supreme Court. Ill. S. Ct. R. 315. Similarly, he had 30 days from the denial of his motions for relief from the judgment to appeal. Ill. S. Ct. R. 304(b)(3). The latest of these dates would have been December 28, 2017 and, as noted, Mr. Adamczyk did not pursue any of these avenues. Even if this Court were to dismiss Mr. Adamczyk's petition without prejudice to permit him to return to state court to litigate his claims, *see Perruquet*, 390 F.3d at 514, those state remedies are long since time-barred. "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* (citing *O'Sullivan*, 526 U.S. at 853-54).

Procedural default is not an absolute bar to federal habeas relief, however. The petitioner may still obtain habeas relief if he "demonstrates cause for the default and prejudice resulting therefrom" or, alternatively, shows that he is actually innocent: "that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Id.* at 514-15 (first citing *Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); and then citing *Schlup v. Delo,* 513 U.S. 298, 327-29 (1995)). Here, Mr. Adamczyk does not allege a cause for his default; he does not indicate why he never filed a petition for leave to appeal the dismissal of his appellate case to the Illinois Supreme Court, nor why he never appealed the dismissal of his petitions for relief from the judgment. He does not assert "some objective factor external to the defense,"[5] such as official interference or a legal basis that was not reasonably

---

[5] *Pro se* status or lack of knowledge of the law does not establish cause to excuse a procedural default. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (*pro se* status does not excuse procedural default); *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (lack of education or ignorance of the law does not excuse procedural default).

5

available when the petition was filed, that prevented him from doing so.[6] *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Accordingly, Mr. Adamczyk has not shown cause and prejudice to overcome his procedural default.

Mr. Adamczyk has similarly failed to overcome his procedural default by showing actual innocence, such that no reasonable juror would have found him guilty but for the state court's alleged errors.[7] The actual innocence standard is a demanding one:

> Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

*Schlup*, 513 U.S. at 316. Here, although Mr. Adamczyk maintains that he is innocent, he presents no new evidence in support of that contention. He claims that his adjudication as a sexually dangerous person was supported by insufficient evidence,[8] but the actual innocence exception to

---

[6] Mr. Adamczyk's fourth ground for relief is that he was precluded from filing a counterclaim for prosecutorial misconduct against the State's Attorney. He says that he "asked for a criminal trial on the charges" but instead was civilly committed and the charges against him were dismissed. Pet. at 5, ECF No. 1. This course of events would not necessarily prevent him from bringing a claim against the prosecutor but, more importantly, it did not preclude him from filing a petition for leave to appeal the dismissal of his direct appeal or appealing the denial of his petitions for relief from the judgment sufficient to constitute cause and prejudice and overcome procedural default.

[7] The terminology of the actual innocence exception to the procedural default rule reflects its origin in cases challenging criminal convictions, but the Seventh Circuit has noted that in the context of a petition challenging a civil commitment, the exception may be understood and applied as a parallel claim that the petitioner was not too dangerous then to be given his freedom. *Schmidt v. McCulloch*, 823 F.3d 1135, 1137 (7th Cir. 2016).

[8] To the extent that Mr. Adamczyk contests the validity of his indictment and the legality of his custody once the indictment was dismissed, these arguments are misplaced. He is not being held on the basis of the indictment, and his detention comports with the Sexually Dangerous Persons Act, *see* 725 Ill. Comp. Stat. 205/8 ("If the respondent is found to be a sexually dangerous person then the court shall appoint the Director of Corrections guardian of the person found to be

procedural default cannot be satisfied merely by reasserting evidence and arguments that were presented in the original proceeding but did not carry the day. "To pass through the actual-innocence gateway to a merits review of a procedurally barred claim, the petitioner must have 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *Schlup*, 513 U.S. at 324). That new evidence must be sufficient to show that it is "more likely than not" that the original finding would have been different in light of that new evidence. *Id*.

Here, Mr. Adamczyk has not begun to satisfy this standard. He has identified no "new evidence" and simply argues that the state court erred in finding him to be a sexually dangerous person because there was no actual minor victim in his encounter at the school, as A.D. was of age and 15-year-old Jim Baxter was a fictitious person. He also claims that the state's attorney could not show proof of "actual acts of sexual assault or child molestation . . . nor predisposing acts to sexual violence," and that the prosecution erroneously alleged that certain events in his past were acts of sexual violence, though he does not specify the nature of those events. Pet. at 4, 10, ECF No. 1. None of this is new information, and so it provides no basis to excuse Mr. Adamczyk's default under the "actual innocence" standard.

Accordingly, Mr. Adamczyk has procedurally defaulted his claims based on the original determination of the state court that he is a sexually dangerous person. Mr. Adamczyk may, however, be able to file a petition seeking release on the grounds that he is no longer a sexually

---

sexually dangerous and such person shall stand committed to the custody of such guardian."). It is not the case that he could not be held under the SDPA once his criminal charges had been dismissed. *Cf. Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (noting that a person may be held as sexually dangerous even after their criminal conviction has expired).

dangerous person, *see* 725 Ill. Comp. Stat. 205/9, but a federal habeas corpus petition is not the proper vehicle for such a claim. The petition for a writ of habeas corpus is denied.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a district court dismisses a habeas petition on procedural grounds without reaching the merits, a certificate of appealability should be issued only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would find that Mr. Adamczyk's claims were exhausted at the state court level or that his claims had not been procedurally defaulted. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal will be warranted." *Id.* Accordingly, the Court will not issue a certificate of appealability.

Date: March 30, 2020

John J. Tharp, Jr.
United States District Judge